UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Petitioner,

                                          Case Number 14-50455

v.                                        Honorable David M. Lawson

JAMES D. NICHOLS,

                Respondent.

_____/

## <u>ORDER FINDING RESPONDENT IN CONTEMPT</u>

The government filed a petition on April 11, 2014 to enforce a summons for records issued by a revenue officer of the Internal Revenue Service to respondent James D. Nichols. On October 30, 2014, the Court filed an opinion and issued an order granting the government's motion to enforce the IRS summons, overruling the respondent's objections, and ordering the respondent to comply with the summons. Mr. Nichols appeared before the revenue officer on November 12, 2014 as ordered, but failed to produce for examination and copying the books, records, papers and other data demanded by the summons that was served upon him on September 18, 2013. The government filed a motion to hold Nichols in contempt for failing to comply with this Court's order. The respondent has not filed a response timely explaining why he did not comply, but he did appear at a hearing today on the motion. His explanation addressed the propriety of the summons, but it did not include a valid reason for his noncompliance.

It is axiomatic that "all orders and judgments of courts must be complied with promptly." *Maness v. Meyers*, 419 U.S. 449, 458 (1975). "The orderly and expeditious administration of justice by the courts requires that 'an order issued by a court . . . must be obeyed . . . .'" *Id.* at 459 (quoting *United States v. United Mine Workers*, 330 U.S. 258, 293 (1947)).

"When a court seeks to enforce its order or supervise its judgment, one weapon in its arsenal is contempt of court." *Elec. Workers Pension Trust Fund of Local Union # 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003); *see also United States v. Conces*, 507 F.3d 1028, 1041 (6th Cir. 2007) ("A district court unquestionably has the power to hold a litigant in civil contempt for failure to comply with a discovery order.") (quoting *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 833 (1994)). "[T]he objective of any contempt determination is to enforce the message that court orders and judgments are to be taken seriously." *Elec. Workers*, 340 F.3d at 385 (citing *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 590 (6th Cir.1987)).

The Court's authority to impose civil contempt is both "inherent," *United States v. Mitchell*, 556 F.2d 371, 384 (6th Cir. 1977), and statutory, *see* 18 U.S.C. § 401 (authorizing the federal courts to "punish by fine or imprisonment, or both," a party's "[d]isobedience or resistance to [a] lawful . . . order"). Section 7604 of Title 26 of the United States Code provides that a court may hold a party in contempt for refusing to produce books, papers, records, or other data, or to give testimony for the purpose of ascertaining the correctness of any tax return. 26 U.S.C. § 7604.

In order to hold a litigant in contempt, the moving party "must prove by clear and convincing evidence that the party to be held in contempt violated a court order." *Conces*, 507 F.3d at 1041-42. "The order in question must be 'definite and specific,' and 'ambiguities must be resolved in favor of persons charged with contempt.'" *Id.* at 1042 (quoting *Grace v. Ctr. for Auto Safety*, 72 F.3d 1236, 1241 (6th Cir. 1996)). The "test is not whether [the respondent] made a good faith effort at compliance but whether '[he] took all reasonable steps within [his] power to comply with the court's order.'" *Glover v. Johnson*, 934 F.2d 703, 708 (6th Cir. 1991) (quoting *Peppers v. Barry*, 873 F.2d 967, 969 (6th Cir. 1989)).

The Court's October 30, 2014 order is definite and specific and there is no evidence that the respondent did not understand what was required of him. The order required the respondent to "appear before revenue officer Lisa Seely or her designated representative on November 12, 2014 at 10:00 a.m., at 22600 Hall Road, Suite 102, Clinton Township, Michigan, to give testimony, and to produce for examination and copying the books, records, papers, and other data demanded by the summons that was served upon the respondent on September 18, 2013." Although Nichols appeared for the examination as ordered, he did not produce any of the requested books, records, or papers that the summons demanded. Because Nichols failed to produce any of the requested records, the government has established a *prima facie* case that the respondent failed to comply with the Court's order.

Nichols has not provided a satisfactory explanation for his failure to comply. He has never indicated previously that he does not have the requested information or documents. Instead, he has consistently maintained that he is not required to comply with the Court's order. "Persons who make private determinations of the law and refuse to obey an order generally risk" being placed in contempt. *Meyers*, 419 U.S. at 458-59 (citing *Howat v. Kansas*, 258 U.S. 181, 189 (1887)). Nichols has run that risk here and lost.

Accordingly, it is **ORDERED** that James D. Nichols is adjudged in civil contempt of this Court. He may purge himself of that contempt by appearing before revenue officer Lisa Seely or her designated representative on **May 13, 2015 at 10:00 a.m.**, at **22600 Hall Road, Suite 102, Clinton Township, Michigan**, or at an earlier time and place agreed in writing by the parties, to give testimony, and to produce for examination and copying the books, records, papers and other

data demanded by the summons that was served upon the respondent on September 18, 2013.  The examination shall continue from day to day until completed.

It is further **ORDERED** that if the respondent fails to purge himself of his contempt, he shall present himself to the United States Marshal for this district in the Theodore Levin United States Courthouse, 231 West Lafayette Boulevard, Detroit, Michigan on **May 13, 2015 at 4:00 p.m.**, to be committed to the custody of the United States Marshal for confinement at a suitable place.  Such confinement is to continue until such time as James D. Nichols purges himself of the contempt by complying with the Internal Revenue Summons in the manner described above.  Such confinement under this order may not exceed 18 months.

It is further **ORDERED** that the petitioner shall personally serve the respondent with a copy of this order **on or before May 8, 2015**, and file proof of service on the docket.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   May 6, 2015

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 6, 2015.

s/Susan Pinkowski
SUSAN PINKOWSKI